LOTT FARRER *vs.* WILLIS CLARK, Guardian, &c.

W. C. filed his petition in the probate court of Pike county, praying to be appointed guardian of M. and M. V. N., minor children under the age of fourteen years, alleging that he, the petitioner, was their maternal uncle; and L. F. filed his answer to said petition, controverting the right of the petitioner to letters of guardianship as prayed for, alleging that he was guardian of the minors by appointment of the probate court of Amite county, and filed copies of the bond and letters of guardianship, which was all the proof he exhibited even of the identity of the wards or to show that the probate court of Amite county had jurisdiction to appoint a guardian. *Held,* that there was no error in overruling L. F.'s answer.

The statute (Hutch. Co. 504, § 125) provides that the probate court, in the appointment of guardians to minors, shall prefer the natural guardian or next of kin, if any such apply for the guardianship, and tender the proper security, unless such applicant be manifestly unsuitable to take the management of the person and the estate of the orphan. *Held,* that L. F., claiming to be guardian in right of his wife, who was a sister of the minors of half-blood, Mrs. F., as next of kin to the wards, was entitled to their charge, unless manifestly unsuitable or rendered incompetent by her coverture.

The same rule which applies in the appointment of administrators, would apply in the appointment of guardians; and coverture is no incapacity for the office of administrator. *Held,* that coverture is no incapacity for the office of guardian.

A *feme covert* cannot take the administration of an estate without the consent of her husband, as he is required to enter into the administration bond, which she is incapable of doing. *Held,* that the right of administration is strictly confined to the person entitled to it, and to which the husband, by virtue of the marriage, does not succeed.

In all cases in which a *feme covert* is entitled to administration as next of kin, it is committed to her alone, and not to her and her husband jointly.

ON appeal from the probate court of Pike county; Hon. George Nicholson, judge of the probate court of Pike county.

The facts of the case will be found sufficiently set forth in the opinion of the court, and the points made by appellant's counsel in his brief.

*John T. Lamkin,* for appellant.

Three important questions are presented by the record in this case. The first is : —

Which is entitled to letters of guardianship (supposing their applications to be made at the same time), the husband of the sister of the half-blood, or the uncle of the minors?

The statute (Hutch. Dig. title Guardian and Ward, chap. 36, § 125) provides that preference shall be given to the natural guardian or next of kin. Then as between the sister of the half-blood and the uncle, there can be no doubt that the former would be preferred. Is the case, then, materially altered where, instead of the sister, her husband becomes the applicant? Our statute, requiring that the guardian "shall enter into bond," &c., it would seem, excludes a married woman from the office of guardian. Yet it was never intended that her rights should be lost by her marriage. Her husband, being her representative, is, in her right, entitled to the same consideration in the premises as she would have been entitled to, if sole, and as the representative of the sister of the minor, should be preferred to the uncle. The guardian of all the children of one brother of an intestate has been considered entitled to the administration of the estate, in preference to the guardian of only a portion of the children of another brother, though this last guardian possessed the advantage of relationship to the intestate which the former did not. *Langan* v. *Bowman,* 12 S. & M. 715. The rule governing the appointment of guardians, is somewhat similar to that observed in the appointment of administrators. The case above cited shows that courts are governed more by the interests which the applicants represented, than the relationship to the intestate of the applicants themselves. There the interests and relationship represented by the appellant being greater

Farrer *v.* Clark.

and nearer than the interests and relationship of the appellee, the first ought to have been preferred.

The next question which presents itself is: After the appointment of a guardian, will the court, upon the application of the next of kin, supersede that appointment, without other sufficient cause?

The competency of the probate court to revoke a grant of letters of guardianship, when sufficiently advised that they have been improperly granted, will not be denied. But such revocation could not be made for any cause, whether existing prior or subsequent to the granting of the letters, without due notice. *Wingate* v. *Wallace,* 5 S. & M. 245; *Gasque* v. *Moody,* 12 S. & M. 153. We deny that the appellant has had such notice, and we further deny the right of any court to annul the acts of another court of equal and independent jurisdiction. But more of this anon. It is true that no actual revocation of the letters granted to the appellant by the probate court of Amite county has been made. Yet the action of the probate court of Pike in the subsequent appointment of the appellee to the same office, if valid, would have the effect to supersede the appointment of the appellant aforesaid. Admitting, then, that this last appointment has the effect above mentioned, we contend that it was not proper nor lawful to supersede the prior grant of letters to the appellant, upon the mere question of relationship, without some showing either that the appellant had been guilty of undue haste, misrepresentation, or other wrong, in his application, or of misconduct or want of qualification since.

The third and most important question presented by the record is: Has the probate court of any county the right to grant letters of guardianship of a minor, while letters previously granted by the probate court of another county remain unrevoked?

Though the probate court is one of special and limited jurisdiction, the validity of the exercise of its power in the granting of letters of guardianship to the appellant cannot be seriously questioned. The guardian's bond given by the appellant recites that he is appointed " guardian to Margaret Neal and Martha Neal of Amite county." Their domicil in Amite county at the

time of the granting of letters to the appellant was not questioned in the court below, as an examination of the evidence will show. The only intimation which we have that the minors were ever domiciliated in Pike county, is contained in the petition of the appellee for letters of guardianship, wherein he says that " Lydia Neal, late of said (Pike) county, deceased, left two children," &c. In this last case we are left to infer that the children were living in Pike, while in the other their residence in Amite is stated positively.

The identity of the minors who are made wards of the appellant by the probate court of Amite, with those confided by the probate court of Pike to the guardianship of the appellee, is here questioned for the first time. The discrepancy alluded to by the counsel for the appellee arises from the fact that the wards were called by the appellant the minor heirs " of Wm. P. Neal" (their father), and by the appellee, " of Lydia Neal" (their mother). The whole record and proceedings go to show that the said minors are identical, and the counsel for the appellee, perhaps incautiously, concedes the point, for he says : " The court below, from the facts in the case, denied the jurisdiction of the probate court of Amite," thereby showing that the question of jurisdiction in the matter of said guardianship was fairly before them, which could not have been the case if there had been a want of identity.

The main question is then fairly before the court. The probate courts of Amite and Pike counties are tribunals of equal and similar jurisdiction, and wholly independent of each other ; and where one of these courts has assumed (though improperly) jurisdiction of a matter, the other has no right to adjudicate upon the same matter, until the action of the first has been annulled by a proceeding in due form. To decide otherwise would be paving the way to frequent and painful collisions, alike embarrassing to the courts, perplexing to parties litigant, and destructive of the ends of justice. So prompt has this court been in discouraging even a seeming disregard by one probate court of the action of another, or even a disregard of its own prior action, that where letters of administration (generally), instead of letters *de bonis non*, were granted upon an

estate upon which letters had been previously granted and a final settlement had, it has declared that such letters ought to be revoked upon application, or the suggestion of an *amicus curiæ,* or even at the instance of the court itself. *Gasque* v. *Moody, supra.*

In conclusion, the appellant denies that his counter application for letters to the probate court of Pike county is an abandonment of his rights as guardian under the appointment of the Amite court. This application was only made after the Pike court had refused to recognize the appellant's existing rights, and was intended, as far as might be, to prevent the wrongful appointment of the appellee. It was not in L. F.'s power to abandon the office without the consent or action of the court.

*D. W. Hurst,* for appellee.

The only question in this case is, whether, under the circumstances and from the proofs in the case, the court below committed an error of which appellant can in this court complain. Clark filed his petition, setting forth that Lydia Neil died in Pike county, leaving two minor children under the age of fourteen years, and that he was the uncle of said children. Farrer answers the petition, not controverting any fact, but claiming to be the guardian by grant of guardianship from the probate court of Amite county. The court below, from the facts in the case, denied the jurisdiction of the probate court of Amite county, in appointing guardians for minors living in Pike county, and whose parents lived in Pike county at the time of their death. It is manifest from the pleading and proofs in the case that the minors of Lydia Neil were living in Pike county at the time Clark their uncle applied for letters of guardianship; if so, the court committed no error, unless it was error to grant the letters of guardianship when there was a guardian appointed by the court in Amite county. By examining the letters from the Amite court, it appears that Farrer was appointed guardian to the minors of W. P. Neil, and there is nothing in the record that will connect one transaction with the other. But again, the record from Amite county is made part of the answer. In

the first place, it is not connected with the case by proof; and in the second place, there is nothing in the record from Amite county probate court to show that the court had jurisdiction of the parties, namely, that the minors lived in Amite county; for if they lived in Pike county, the probate court of Amite county could not grant Farrer letters of guardianship. The probate courts being courts of limited and special jurisdiction, every fact necessary to give the court jurisdiction should appear affirmatively upon the record. In this case there is no fact stated upon the record from Amite county that would justify that court in granting letters of guardianship, as it is nowhere stated that the minors lived in Amite county.

After the court had decided against Farrer, he then applied for letters of guardianship himself, thereby abandoning all claim to being their guardian by virtue of a grant from the Amite court. He then applied for letters in his own right, without being related, but asserting that his wife was the sister of the half-blood, she being the sister, and not applying certainly, because of Farrer's intermarriage with her could not, in his own right, give him the preference over the uncle of the whole blood. Upon the whole, it is believed that there is no error in the record, and we ask for an affirmance of the judgment below.

Mr. Chief Justice SMITH delivered the opinion of the court.

The appellee filed his petition in the court of probates of Pike county, praying to be appointed guardian of Margaret M. and Martha V. Neil, whom he represented to be the minor children, under the age of fourteen, of Mrs. Lydia Neil, and late of said county. It was further alleged that the petitioner was the natural uncle of these children, who, as heirs at law of their deceased mother, were entitled to a small personal estate.

The appellant filed his answer to the said petition, controverting the right of the petitioner to letters of guardianship as prayed for. He alleged that he was the guardian of the minors by the appointment of the court of probates of Amite county; that he had duly qualified as such, having given bond in said court as required by statute, and that he had taken out letters of guardianship. The appellant filed with his answer

certified copies of the bond and letters of guardianship. These copies were the only evidence offered by either party; and no fact alleged in the petition was denied by the answer.

Upon the case thus presented it was holden by the court that there was nothing to justify a refusal of the prayer of the petition; whereupon the appellant claimed to be entitled to the guardianship of the minors in right of his wife, whom he alleged was their sister of the half-blood. The court, however, decided in favor of the petitioner, from which an appeal was taken to this court.

In the copy of the bond filed as an exhibit with the answer of the appellant, the wards are described as Margaret and Martha Neil of Amite county; and in the copy of the letters of guardianship they are described as the infant children of Wm. P. Neil, deceased. These recitals were not evidence for any purpose whatever. Unless, therefore, the answer of the appellant, in the absence of any evidence to sustain it, is to be taken as true, there was no proof identifying the wards, or which showed that the court of probates of Amite county had jurisdiction to appoint a guardian of their persons and estates. We are of opinion, therefore, that the court was correct in overruling the appellant's answer.

It is provided by statute, that "the court of probates of any county in this State shall have power to appoint guardians to minors under the age of fourteen years," and directing that preference shall be given in all cases to the natural guardian or next of kin, if any such apply for the guardianship, and tender the proper security, unless such applicant be manifestly unsuitable to take the management of the person and estate of such orphan. Hutch. Dig. 504, sec. 125. Hence there can be no doubt that Mrs. Farrer, as next of kin to the wards, was entitled to their guardianship, if she was not manifestly unsuitable to take charge of their persons and estates, unless her coverture were an impediment to the grant of letters.

We apprehend the same rule which applies in the appointment of administrators would control in regard to the appointment of guardians.

Coverture is no incapacity for the office of administrator;

therefore if a *feme covert* be next of kin to the intestate, administration may be granted to her. But she cannot take administration, without the consent of her husband, inasmuch as he is required to enter into the administration bond, which she is incapable of doing. Toll. L. of Ev. 91. The right of administration seems always to have been a right which is strictly confined to the person entitled, and to which the husband by virtue of the marriage does not succeed. For in all cases in which the *feme covert* is entitled to administration, as next of kin, administration is committed to her alone and not to her and her husband jointly; otherwise if he should survive he would be administrator contrary to the provisions of the statute. Lom. on Ex. 147.

Applying this rule, we are of opinion that coverture is no incapacity for the office of guardian. But in the case at bar the application for letters of guardianship was not made by or for Mrs. Farrer. It was made by the appellant, who claimed the guardianship in her right as his wife. There was, therefore, no error in disallowing his claim and granting the guardianship to the appellee.

Decree affirmed.